1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                          * * *

9   ROBERT ROMANO,                          Case No. 3:14-cv-00187-MMD-WGC

10                           Petitioner,                        ORDER

11          v.

12   LeGRANDE, et al.,

13                           Respondents.

14

15          This habeas matter comes before the Court on respondents' motion (ECF No.

16   20) to dismiss. Respondents seek the dismissal of a number of grounds as

17   noncognizable and/or unexhausted.

18   **I.     BACKGROUND**

19          Petitioner Robert Romano challenges his 2009 Nevada state conviction,

20   pursuant to a jury verdict, of four counts of sexual assault of a minor under fourteen

21   years of age and four counts of lewdness with a child under the age of fourteen. The

22   State presented evidence at trial tending to establish that Romano sexually abused his

23   four-year-old daughter. Romano challenged the conviction on direct appeal and on state

24   post-conviction review.

25   **II.    COGNIZABLE CLAIMS**

26          Respondents contend that Grounds 1, 2, 3, 6, 7, 8, 11, 12 and 13 are not

27   cognizable in this federal habeas action because the grounds present only claims of

28   alleged violations of state law rather than federal constitutional claims.

As to each such claim, respondents maintain that petitioner fails to present a cognizable federal claim in the federal amended petition because "[n]one of the . . . claims were presented to the Nevada Supreme Court as a federal violation and rested the basis in state law only."[1]

Respondents' argument is flawed. Whether the federal petition presents federal claims turns upon the content of the *federal petition*, not state court filings. If it were established on a particular federal ground that a corresponding claim in the state court presented only a state law claim, that would present an *exhaustion* issue, not an issue bearing on the *cognizability* of the federal ground. In that circumstance, the apposite argument would be that the federal ground is unexhausted because the petitioner did not "federalize" the claim in the state courts. However, the federal cognizability of the claims presented in the federal amended petition, again, turns solely upon what is asserted *in the federal pleading*, not what is claimed in state court.[2]

---

[1] *E.g.*, ECF No. 20 at 22: 8-9 (Grounds 1, 6, 7 and 8); *see also id.* at 17 & 23-25 (Ground 2); *id.* at 23: 2-4 (Ground 3); *id.* at10-12 (Ground 11); *id.* at16-18 (Ground 12); *id.* at 24: 8-11 (Ground 13).

[2] In their second argument, respondents challenge the exhaustion of Grounds 2, 7, 8 and 12, as well as Ground 15. However, they do not seek dismissal of Grounds 1, 3, 6 or 11 for lack of exhaustion. They argue only noncognizability — on the flawed basis discussed in the text – as to these grounds.

The scheduling order states:

. . . Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. . . .

ECF. No. 8 at 2:19-21. Even if a defense of lack of exhaustion is not waived as a matter of substantive law under 28 U.S.C. § 2254(b)(3), respondents perhaps no longer may be able to pursue the defense for failure to comply with the Court's scheduling order regarding the presentation of defenses in the action, absent extraordinary circumstances. *Cf. Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("*Unless a court has ordered otherwise*, separate motions to dismiss may be filed asserting different affirmative defenses.") (Emphasis added.) The Court, however, will consider the exhaustion issue also as to Grounds 1, 3, 6, 11 and 13. Petitioner also responded to the motion to dismiss with regard to exhaustion as to allegedly noncognizable grounds. ECF No. 30 at 3. Both comity and judicial efficiency in this approaching three-year-old action would be better served by addressing exhaustion as to all of these grounds. *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) (*sua sponte* consideration of exhaustion issue).

It is established law that an alleged state law error does not in and of itself give rise to a constitutional violation. *E.g. Estelle v. McGuire*, 502 U.S. 62, 67-68 & 71-72 (1991). That does not signify, however, that any time that a petitioner attempts to raise federal constitutional claims in federal court based on circumstances as to which he claimed only state law error in state court he is raising only noncognizable state law claims. The same factual allegations can give rise to both federal and state claims. In *McGuire*, the Supreme Court — after stating the principle referenced above — conducted an extended analysis on the merits in order to determine whether the claimed errors gave rise to a violation under federal constitutional law. There is a substantial difference between, on the one hand, concluding on a full merits review that a petitioner is not entitled to relief on a ground under federal constitutional law and, on the other, dismissing a claim on the face of the pleadings that a petitioner actually has sought to plead as a federal claim on the basis that the claim purportedly is a facially noncognizable claim. Nothing in respondents' flawed argument leads the Court to conclude that the challenged grounds — as alleged in federal court — should be dismissed on the face of the pleadings as noncognizable claims solely of state law error.

The motion to dismiss therefore will be denied to the extent that respondents seek the dismissal of Grounds 1, 2, 3, 6, 7, 8, 11, 12 and 13 as noncognizable claims.[3]

## III.    LACK OF EXHAUSTION

Respondents contend that Grounds 2, 7, 8, 12 and 15 were not exhausted, and the Court considers *sua sponte* whether Grounds 1, 3, 6, 7, 11 and 13 also were not exhausted.[4]

///

---

[3]Respondents refer to Ground 1 as a claim based on repeated vouching for the victim's credibility by the State. The ground in the first amended petition, however, instead presents federal constitutional confrontation, due process and equal protection claims based upon a failure to give notice of expert testimony. *See* ECF No. 7 at 3 & 71-73.

[4]*See* note 2, *supra*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    Governing Law

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### B.    Ground 1

In federal Ground 1, petitioner alleges that he was denied rights to confrontation, due process, and equal protection in violation of the Fifth, Sixth and Fourteenth Amendments when the State failed to provide notice of an expert witness as to alleged psychological expert testimony by Officer Luis Norris and Investigator William Sheldon. The corresponding claim presented on direct appeal based on only a federal due process claim without any reliance on confrontation or equal protection federal legal theories. Moreover, the claim pertained only to the testimony of Investigator Sheldon ///

and not that of Officer Norris.[5] Ground 1 therefore is not exhausted to the extent that: (a) petitioner relies upon the Confrontation Clause and Equal Protection Clause; and (b) petitioner alleges that he was denied notice of an expert witness with regard to Officer Norris' testimony.

In his opposition to the motion to dismiss, petitioner maintains that he presented the same *pro se* post-conviction petition to the state district court as he allegedly has in federal court but state post-conviction counsel failed to pursue and/or federalize the unexhausted claims on appeal to the Supreme Court of Nevada. He invokes *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

*Martinez* is not applicable here. *Martinez* holds that inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. The issue on the pending motion is exhaustion, not procedural default. It is undisputed that the unexhausted independent substantive claims in Ground 1 were not presented through to the highest level of state court review either on direct appeal or on the state post-conviction appeal. The claims therefore are not exhausted. *Martinez* does not suggest to the contrary.

Accordingly, Ground 1 is unexhausted to the extent that: (a) petitioner relies upon the Confrontation Clause and Equal Protection Clause; and (b) petitioner alleges that he was denied notice of an expert witness with regard to Officer Norris' testimony.

## C.    Ground 2

In federal Ground 2, petitioner alleges that he was denied rights to due process and equal protection in violation of the Fifth and Fourteenth Amendments when the state trial court denied his motion for a psychological examination of the child victim.

Petitioner did not explicitly invoke constitutional guarantees within the text of his briefing on the corresponding claim presented on direct appeal.[7] However, the principal

---

[5]Compare ECF No. 7 at 3 & 71-73 with ECF No. 26, Exh. 56 at 15-16.

[7]Compare ECF No. 7 at 5 & 74-78 with ECF No. 26, Exh. 56 at 18-22.

1
2
3
4
5

decision of the Supreme Court of Nevada upon which he relied, *Abbott v. State*, 138 P.3d 462 (Nev. 2006), did state explicitly that the rule adopted therein was required to "afford[] a defendant the due process right to 'a fair opportunity to defend against the State's accusations'" and to properly balance "the defendant's fair trial rights with the victim's right of privacy." 138 P.3d at 464, 469, 474 & 475.[8]

6
7

Petitioner did not exhaust, however, a claim under the Equal Protection Clause either directly in his briefing or indirectly by reliance upon *Abbott*.

8
9
10
11
12
13
14
15
16
17
18
19

Respondents contend that petitioner did not fairly present a portion of federal Ground 2 alleging that the state trial court abused its discretion by not providing "a limiting instruction from *Abbott v. State*, 122 Nev. 715 (2016) to the prosecutor, that any testimony that would call for an opinion, conclusion, or an evaluation that their witness derived from training or any learned expertise, per *Abbott*, is considered expert testimony."[9] The Court dismisses any such claim — to the extent that it constitutes a claim — under 28 U.S.C. § 2254(b)(2) because it is clear that it does not raise even a colorable federal claim.[10] It is highly doubtful in the first instance that *Abbott* requires state trial courts to provide admonishments to prosecutors as to what the decision purportedly states. Even if the Court were to assume that *Abbott* would require such admonishments to state court prosecutors, it has no difficulty concluding that the Due Process Clause does not.

20
21
22
23
24
25
26

[8]*See also Abbott*, 138 P.3d at 470 ("Thus, we conclude that [the court's prior decision in] *Romano* impermissibly infringes on a defendant's fair trial rights.") There is no material distinction in this context for purposes of exhaustion between a defendant's right to due process and his right to a fair trial. The right to a fair trial is recognized as a right guaranteed by the right to due process under the Fifth and Fourteenth Amendments. *See, e.g., Cone v. Bell*, 556 U.S. 449, 551 (2009) ("The right to a fair trial, guaranteed to state criminal defendants by the Due Process Clause of the Fourteenth Amendment, . . . ."); *United States v. Agurs*, 427 U.S. 97, 107 (1976) ("We are dealing with the defendant's right to a fair trial mandated by the Due Process Clause of the Fifth Amendment to the Constitution. Our construction of that Clause will apply equally to the comparable Clause in the Fourteenth Amendment applicable to trials in state courts."); *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

27

[9]ECF No. 7 at 76.

28

[10]*See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

1    Accordingly, the Court will dismiss the above-described claim. Ground 2 further is

2    unexhausted to the extent that petitioner relies upon the Equal Protection Clause.[11]

3        **D.    Ground 3**

4    In federal Ground 3, petitioner alleges that he was denied rights to a fair trial, due

5    process, and equal protection in violation of the Fifth, Sixth and Fourteenth

6    Amendments when the state trial court relied upon the State's incorrect representation

7    that it would not present expert testimony and the State failed to provide notice of its

8    expert testimony.

9        Ground 3 is, at best, redundant surplusage as to the exhausted claims in

10   Grounds 1 and 2 and, at worst, unexhausted to the extent that it might present claims

11   that purportedly are distinct from those exhausted claims. Petitioner maintains in

12   Ground 3 that the State's representations that it would not present expert testimony led

13   to the state trial court's failure to allow a defense psychological examination of the child

14   victim. The denial of a defense psychological examination based on the facts and

15   circumstances leading into and at petitioner's trial either denied petitioner due process

16   or it did not. Allegations further that the State incorrectly represented to the state trial

17   court that it would not present expert testimony when it argued the defense motion for a

18   psychological examination add nothing that is not already subsumed within the claims in

19   Ground 2. Even if one were to conclude otherwise that Ground 3 instead presents

20   distinct claims, the claims then would be unexhausted because petitioner presented no

21   such distinct claims to the Supreme Court of Nevada. The same conclusions hold true

22   with regard to the aspect of Ground 3 concerning the State's failure to provide notice of

23   the expert testimony that it represented it was not going to present.[12]

24   ///

25   ///

26   _____
     [11]Petitioner's argument under *Martinez* is addressed under Ground 1.

27   [12]Compare ECF No. 7 at 7 & 79-84 with ECF. No. 26, Exh. 56 at 15-16 (vis-à-vis

28   the Ground 1 claim) & 18-22 (vis-à-vis the Ground 2 claim). The argument under
     *Martinez* is addressed under Ground 1.

1    The Court will dismiss Ground 3 as redundant of exhausted claims in Grounds 1
2    and 2. Further proceedings on petitioner's effort in Ground 3 essentially to rehash
3    claims in the prior grounds are not warranted.

4    **E.     Ground 6**

5    In federal Ground 6, petitioner alleges that he was denied rights to confrontation,
6    due process and equal protection in violation of the Fifth, Sixth and Fourteenth
7    Amendments when the State vouched for the child victim's credibility and when the
8    State failed to give notice of alleged expert testimony by Officer Norris and Inspector
9    Sheldon.

10   The only federal constitutional claim exhausted before the Supreme Court was
11   the claim discussed previously under federal Ground 1 that petitioner was denied due
12   process when the State failed to give notice of expert testimony by Inspector Sheldon.
13   That exhausted federal claim is wholly redundant of the same claim in Ground 1 and will
14   be dismissed on that basis.

15   As discussed under Ground 1 above, petitioner did not present federal claims
16   based upon the denial of rights to confrontation or equal protection by the failure to give
17   notice of expert testimony. A petitioner must present each federal legal theory upon
18   which each federal claim is based to the state courts in order to exhaust the claim. *E.g.,*
19   *Castillo, supra.*

20   As discussed under Ground 1, petitioner did not present any claims based upon
21   a failure to provide notice of expert testimony as to Officer Norris. A petitioner must
22   present the operative facts upon which each federal claim is based to the state courts in
23   order to exhaust the claim. *E.g., Castillo, supra.*

24   Petitioner presented no federal constitutional claims — on the basis of due
25   process or otherwise — in any respect in the claim presented to the Supreme Court of
26   Nevada based on vouching for the child victim's credibility. The only claims before the
27   ///

28   ///

8

1   state supreme court in that regard were based upon Nevada state cases applying

2   Nevada state law.[13]

3        Accordingly, the Court will dismiss as redundant of Ground 1 the claim that

4   petitioner was denied due process when the State failed to give notice of expert

5   testimony by Inspector Sheldon. All remaining claims in Ground Six are unexhausted.

6        **F.     Ground 7**

7        In Ground 7, petitioner alleges that he was denied rights to due process and

8   equal protection in violation of the Fifth and Fourteenth Amendments when Inspector

9   Sheldon testified as an expert on the temperature of bodily fluids without prior notice

10  and in a manner that constituted improper vouching of the child victim's credibility. He

11  further alleges that Inspector Sheldon was not qualified to testify as an expert regarding

12  bodily fluid temperatures and that Sheldon presented facts to the jury that were not in

13  evidence.

14       The only federal claim exhausted in the Supreme Court of Nevada in Ground 7 is

15  the claim that petitioner was denied due process when Sheldon testified as an expert on

16  the temperature of bodily fluids. On direct appeal, petitioner claimed that "[s]econd, also

17  as set forth above, prosecutors admitted the testimony in the absence of proper notice

18  to the defense," citing to NRS § 174.234. The incorporated argument — addressing the

19  failure to give notice of expert testimony by Sheldon in the area of "child abuse/forensic

20  interviews" — specifically invoked due process protections and cited United States

21  Supreme Court precedent.[14] The incorporation of this argument based on federal

22  constitutional law and authority similarly exhausted a federal due process claim as to

23  the failure to give notice of expert testimony.

24       Petitioner presented no federal due process claim to the Supreme Court of

25  Nevada as to the remaining claims and allegations in federal Ground 7. Nor did he

26       [13]Compare ECF No. 7 at 13 & 105-09 with ECF. No. 26, Exh. 56 at 13-16. The argument under *Martinez* is addressed under Ground 1.

27       [14]See ECF No. 26, Exh. 56 at 15-16. This incorporated argument is from the same federal due process claim discussed *supra* as to federal Ground 1.

28

9

present an equal protection claim to the state's highest court on any claim in Ground 7.[15]

Accordingly, all claims in Ground 7 are unexhausted except for the claim that petitioner was denied a right to due process when Inspector Sheldon allegedly testified as an expert on the temperature of bodily fluids without prior notice.

### G.   Ground 8

In Ground 8, petitioner alleges that he was denied rights to confrontation, compulsory process, due process and equal protection in violation of the Fifth, Sixth and Fourteenth Amendments when, *inter alia*, Inspector Sheldon testified as an expert on the temperature of bodily fluids without prior notice.

The only claim that is exhausted is the same due process claim on the same factual basis discussed above as to Ground 7. That duplicative claim will be dismissed as redundant. The remaining federal legal theories were not presented to the state's highest court[16] and therefore all remaining claims in Ground 8 are unexhausted.

### H.   Ground 11

In Ground 11, petitioner alleges that he was denied rights to due process, a fair trial, and equal protection in violation of the Fifth, Sixth and Fourteenth Amendments when the state trial court admitted evidence that petitioner had been featured on the *America's Most Wanted* television program while he still was a fugitive.[17]

Petitioner contends that he exhausted these federal claims in an opening brief to the Supreme Court of Nevada.[18] However, the brief to which he refers is his opening

---

[15]Compare ECF No. 7 at 15 & 110-12 with ECF No. 26, Exh. 56 at 16-17. Moreover, petitioner presented no operative factual allegations in the claim briefed to the state supreme court alleging that Sheldon's testimony presented facts not in evidence. Petitioner presented no federal law claims with regard to federal Ground 7 on any claim other than the expert-notice claim discussed in the text. Petitioner's argument under *Martinez* is addressed under Ground 1.

[16]Compare ECF No. 7 at 17 & 113-15 with ECF No. 26, Exh. 56 at 16-17. The argument under *Martinez* is addressed under Ground 1.

[17]ECF No. 7 at 23; ECF No. 7-1 at 9-12.

[18]ECF No. 30 at 3.

brief on the state post-conviction appeal. The specific claim upon which he relies is a state court claim alleging that he was denied effective assistance of counsel when trial counsel failed to challenge the admission of the *America's Most Wanted* evidence.[19] Exhausting a claim of ineffective assistance of trial counsel for failing to object to the introduction of evidence does not exhaust an independent substantive claim that the trial court erred in admitting the evidence. Exhaustion of ineffective-assistance claims does not exhaust substantive claims of trial court error.

However, petitioner exhausted federal constitutional claims of a denial of rights to due process and a fair trial by his citation to *Ford v. Curtis*, 277 F.3d 806 (6th Cir. 2002), in the claim presented on direct appeal. In *Ford*, the court considered claims that admission of, *inter alia*, *America's Most Wanted* evidence denied the petitioner federal constitutional rights to due process and a fair trial. The court held that the trial errors constituted harmless error under the harmless-error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), which is applicable to claims of constitutional error on federal habeas review. *See* 277 F.3d at 811. Petitioner presented no equal protection claim to the state supreme court.

Accordingly, the due process and fair trial claims in Ground 11 are exhausted, but the equal protection claim is not exhausted.[20]

## I.    Ground 12

In Ground 12, petitioner alleges that he was denied rights to due process and equal protection in violation of the Fifth and Fourteenth Amendments because a pretrial hearing was not held before the admission of evidence of his flight from the jurisdiction.

///

---

[19]ECF No. 28, Exh. 65 at 19-25.

[20]Whether petitioner will be able to prevail on the exhausted portions of Ground 11 on a deferential review under AEDPA may be a different matter. *See Alberni v. McDaniel*, 458 F.3d 860, 863-67, 866 n.1 (9th Cir. 2006) (holding that the Supreme Court has not clearly established that the introduction of propensity evidence violates due process); *see also Cogswell v. Kernan*, 648 Fed. Appx. 624 (9th Cir. 2016) (unpublished), *cert. pet. filed* No. 16-6104 (Sept. 23, 2016)(similar). *See also text*, *supra*, at 5 & n.6 (re: *Martinez*).

Petitioner presented no federal constitutional claims in the corresponding claim briefed to the Supreme Court of Nevada on direct appeal.[21] Ground 12 is unexhausted.

### J.      Ground 13

In Ground 13, petitioner alleges that he was denied rights to a fair trial, due process and equal protection in violation of the Fifth, Sixth and Fourteenth Amendments when the state trial court gave a flight instruction to the jury.

Petitioner cited two United States Supreme Court opinions in his corresponding briefing to the Supreme Court of Nevada on direct appeal. Neither decision applied federal constitutional law, however. The cases instead applied federal criminal law in appeals from federal criminal convictions. *See Alberty v. United States*, 162 U.S. 499, 508-11 (1896); *Hickory v. United States*, 160 U.S. 408 (1896). Merely citing United States Supreme Court cases in a state court brief of course does not exhaust federal constitutional claims that a habeas petitioner may present thereafter. A petitioner instead must cite federal decisions applying the federal constitutional doctrine being relied upon in seeking federal habeas relief. Neither petitioner's reliance upon *Alberty* and *Hickory* nor the remainder of his corresponding direct appeal briefing presented any federal constitutional claims for decision.[22]

Ground 13 is unexhausted.

### K.      Ground 15

In Ground 15, petitioner alleges that he was denied rights to due process and equal protection in violation of the Fifth and Fourteenth Amendments when the State failed to produce until the day before trial audio recordings of the child victim's

///

///

---

[21]Compare ECF No. 7 at 25 & ECF No. 7-1 at 15-17 with ECF No. 26, Exh. 56 at 33-35 & 37. In federal court, petitioner raises a claim that the trial court erred by giving a flight instruction separately as federal Ground 13, which is discussed *infra*. The evidentiary issue and the jury instruction issue were argued under one heading on direct appeal. *See also text*, *supra*, at 5 & n.6 (re: *Martinez*).

[22]Compare ECF No. 7 at 27 & ECF No. 7-1 at 18-21 with ECF No. 26, Exh. 56 at 36-37. See also text, *supra*, at 5 & n.6 (re: *Martinez*).

1  allegations and of his statement to the police, which had been requested in pretrial

2  discovery.

3          No corresponding claim, whether under state or federal law, was presented to

4  the Supreme Court of Nevada on direct appeal. Petitioner has not identified any other

5  paper that fairly presented the federal claim in Ground 15 to the highest state court level

6  of review.[23]

7          Ground 15 is unexhausted.

8  **IV.    CONCLUSION**

9          It therefore is ordered that respondents' motion (ECF No. 20) to dismiss is

10 granted in part and denied in part, as further specified herein.

11         It further is ordered that Ground 2 in the first amended petition (ECF No. 7) is

12 dismissed in part with prejudice on the merits under 28 U.S.C. § 2254(b)(2) to the extent

13 that petitioner claims that he was denied due process by the state trial court's failure to

14 provide a limiting instruction to the prosecutor.

15         It further is ordered that the following claims in the first amended petition are

16 dismissed without prejudice as redundant of claims previously asserted in the same

17 pleading:

18              (a)    Ground 3;

19              (b)    the claim in Ground 6 that petitioner was denied due process when

20                     the State failed to give notice of expert testimony by Inspector

21                     Sheldon; and

22              (c)    the claim in Ground 8 that petitioner was denied due process when

23                     Inspector Sheldon allegedly testified as an expert on the

24                     temperature of bodily fluids without prior notice.

25 ///

26 ///

27 _____

28        [23]The unexhausted federal habeas claim can be found at ECF No. 7 at 31; ECF
   No. 7-1 at 29-31. See also text, *supra*, at 5 & n.6 (re: *Martinez*).

13

It further is ordered that the Court holds that the following claims (the "Unexhausted Claims") in the first amended petition are not exhausted:

> (a) the claims in Ground 1 based upon the Confrontation Clause and the Equal Protection Clause and all claims in Ground 1 based on a denial of notice of expert witness with regard to Officer Norris' testimony;
>
> (b) all claims in Ground 2 based upon the Equal Protection Clause;
>
> (c) all remaining claims in Ground 6 over and above the claim dismissed as redundant;
>
> (d) all claims in Ground 7 *except* for the claim that petitioner was denied a right to due process when Inspector Sheldon allegedly testified as an expert on the temperature of bodily fluids without prior notice;
>
> (e) all remaining claims in Ground 8 over and above the claim dismissed as redundant;
>
> (f) all claims in Ground 11 based upon the Equal Protection Clause; and
>
> (g) Grounds 12, 13 and 15 in their entirety.

It further is ordered that petitioner will have thirty (30) days from entry of this order within which to mail to the Clerk for filing either: (1) a motion to dismiss, requesting partial dismissal only of the Unexhausted Claims in his federal habeas petition as described in the preceding parapragh, and stating his intent to proceed only on the exhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the Unexhausted Claims; and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the Unexhausted Claims.

///

It is further ordered that if petitioner fails to respond to this order within the time permitted, the entire petition will be dismissed without prejudice for lack of complete exhaustion.

DATED THIS 18th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE